IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 17-cv-02236-LTB

LYNN M. CARNAHAN,

    Plaintiff,
v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

___

ORDER
___

    Plaintiff Lynn Carnahan appeals Defendant's (the "Commissioner") final administrative decision denying her claim for disability insurance benefits under Title II of the Social Security Act (the "Act"). Jurisdiction in this appeal is proper pursuant to 42 U.S.C. § 405(g). Oral argument would not materially assist in the determination of this appeal. After consideration of the briefs and the record, I reverse the Commissioner's decision and remand the case for further proceedings.

## I. Statement of the Case

    Following a hearing, Plaintiff's disability claim was denied in a decision dated June 24, 2016. The Appeals Council denied Plaintiff's request for review thereby rendering the ALJ's June 24, 2016 decision the Commissioner's final decision for purposes of my review. Plaintiff timely filed this appeal seeking review of the Commissioner's final decision.

## II. Statement of Facts

### A. Plaintiff's Disability Hearing

At the May 16, 2016 hearing on Plaintiff's disability claim, Plaintiff testified that she had worked three temp jobs and two other short term jobs since she left her 9-year employment doing credit collections for Staples in April of 2014. AR 316-19. Plaintiff left the last of these jobs the week before her hearing because of issues with standing and sitting. AR 316. Plaintiff testified that she was unable to work full time because sitting all day caused her pain to escalate and that standing caused pain in her feet and legs. AR 322. Plaintiff estimated that her pain ranged from 5 to 7 on a scale from 1 to 10 with pain medication and that she would probably be unable to get out of bed without medication. AR 322-23. Plaintiff testified that she could sit for 15-20 minutes and then needed a 2-5 minute break. AR 325. Plantiff further testified that she suffered from near daily panic attacks and depression and needed to use an inhaler 2-3 times per month for asthma, COPD, and allergies. AR 326, 328 & 331.

The VE identified Plaintiff's past work as an accounting clerk, a collection clerk, a mail carrier, a women's apparel and accessories salesperson, and a coding file clerk. AR 334. The ALJ asked the VE if a person 54 years old with a high school education and Plaintiff's described work history who could perform work at the medium range of exertion; lift 50 pounds occasionally and 25 pounds frequently; sit, stand, or walk for unlimited periods; frequently climb, balance, stoop, kneel, crouch and crawl but who must avoid heights, heavy machinery, extreme cold, and

concentrated exposure to chemicals could perform any of Plaintiff's past work. AR 334-35. The VE responded that such an individual could perform all of Plaintiff's past work. AR 335. The VE gave the same response when the ALJ reduced the exertional level in her hypothetical to sedentary. *Id.* The ALJ then added that the person in her hypothetical would need to alternate between sitting and standing such that they could sit for 20 minutes but would then need to get up for 2-5 minutes. *Id.* The VE responded that this person could still perform Plaintiff's past work unless they needed to walk away from their work station for more than 2 minutes. AR 335-36.

Next, the ALJ questioned the VE about a person who could only sit and stand and/or walk for 2 hours in an 8-hour workday. AR 336. The VE responded that these restrictions would be work preclusive. *Id.* The VE further testified that a person limited to frequent fingering and handling could perform all of Plaintiff's past work but a person limited to occasional fingering and handling could not. *Id.* In response to questioning from Plaintiff's attorney, the VE indicated that a person off task 20 percent of the time due to pain or panic attacks or absent at least two days per month would not be able to perform Plaintiff's past work or any other work. AR 336-37.

## B. The ALJ's Decision

In her June 24, 2016 decision, the ALJ applied the five-step sequential process outlined in 20 C.F.R. §§ 404.1520(a). At the first step of the sequential process, the ALJ found that Plaintiff had not engaged in substantial gainful activity

3

since her alleged disability onset date of April 30, 2014. AR 296. At the second step, the ALJ found that Plaintiff had impairments of obesity, peripheral neuropathy, and headaches. *Id.* The ALJ concluded that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 298.

The ALJ next concluded that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that Plaintiff could lift and carry 10 pounds occasionally and less than 10 pounds frequently; sit, stand, and without limitations except that Plaintiff needs to stand for 2-5 minutes at her work station after sitting for 20 minutes; frequently climb, balance, stoop, kneel, crouch, and crawl; frequently handle and finger; and should avoid heights, heavy machinery, extreme cold, and concentrated exposure to chemicals. *Id.*

The ALJ then found that Plaintiff was capable of performing her past relevant work as an accounting clerk, collection clerk, and coding file clerk and was therefore was not disabled within the meaning of the Act. AR 305.

### III. Standard of Review

In reviewing the Commissioner's decision, I must determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1992); *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Hamilton, supra,* 961 F.2d at 1498. I "may neither reweigh the evidence nor substitute [my] discretion for that of the Administrative Law Judge." *Kelley v. Chater,* 62 F.3d 335, 337 (10th Cir. 1995).

IV. Analysis

On appeal, Plaintiff argues that the ALJ erred (1) by not including any limitations to account for Plaintiff's mental impairments and (2) by improperly rejecting Plaintiff's allegations of disabling pain.

**A. The ALJ's Analysis of Plaintiff's Mental Impairments**

Plaintiff argues that the ALJ erred in failing to include any limitation in Plaintiff's RFC to account for Plaintiff's mental impairments. I disagree that Plaintiff's RFC necessarily had to include limitations to account for Plaintiff's mental impairments but nonetheless reverse and remand the so that the ALJ can explain why she chose not to do so.

At the second step of the sequential process, the ALJ found that Plaintiff's medically determinable impairment of an affective disorder was non-severe and did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities. AR 297. In making this finding, the ALJ attached great weight to the opinions of James Wanstrath, Ph.D., the State agency psychological consultant, who concluded that Plaintiff's affective disorder was non-severe but caused Plaintiff mild limitations in daily living and social functioning. AR 287 & 610-11.

The ALJ also independently considered the "paragraph B" criteria and found

5

that Plaintiff had mild limitations in the three functional areas of daily living; social functioning; and concentration, persistence, or pace and no episodes of decompensation of an extended duration. AR 297-98. The ALJ attributed Plaintiff's mild limitations in each of the three functional areas primarily to pain rather than Plaintiff's mental impairment. *See* AR 297-98 ( "... pain and not mental symptoms appear to be the limiting factor;" "... [Plaintiff's difficulties are not due primarily to a mental condition, but due to pain;" "Plaintiff's functioning is primarily affected by pain"). Given the context of the assessed limitations, however, I consider them as attributable to Plaintiff's mental impairment for purposes of my analysis.

The ALJ noted that the analysis of mental limitations at steps 2 and 3 of the sequential process differs from that at steps 4 and 5 where a more detailed assessment was required and stated that "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found." AR 298. Then, at step 4 of the sequential process, the ALJ considered the November 3, 2014 opinion of Evie Paur, M.A., a licensed professional counselor, that Plaintiff was "unlikely to return to full-time work due to psychological and physical (pain) stressors." AR 304. *See also* AR 860-64. The ALJ attached little to no weight to this opinion because Ms. Paur was not an acceptable medical source and her opinion was unsupported by the record. *Id.* To demonstrate that Ms. Paur's opinion regarding Plaintiff's psychological state was unsupported by the record, the ALJ cited evidence in the record that Plaintiff denied suffering from depression or

anxiety (*see e.g.* AR 1081) and had normal mental status examinations (*see e.g.* 1071 & 1091).

While the ALJ's rejection of Ms. Paur's opinion on the ultimate issue in the case was reasonable, the ALJ failed to provide any discussion of the specific limitations that Ms. Paur assessed for Plaintiff. Specifically, among other things, Ms. Paur opined that Plaintiff's ability to deal with stress and to perform at a consistent pace was "fair," meaning "seriously limited but not precluded." AR 860-64. Under the governing regulations, opinions from medical sources such as Ms. Johnson "are important and should be evaluated on key issues such as impairment severity and functional effects along with other relevant evidence in the file." SSR 06-03p. While it does not follow that the ALJ was required to adopt or give significant weight to Ms. Paur's opinions on Plaintiff's limited mental abilities, she was at least required to consider them since both the ALJ and Dr. Wansrath also concluded that Plaintiff had some mental limitations. *See* 20 C.F.R. § 416.945(e) (in determining claimant's RFC, consideration is given to "limiting effects of all [the claimant's] impairment(s), even those that are not severe"). *See also Farrill v. Astrue,* 486 Fed. App'x 711 ( 10th Cir. 2012) (vacating ALJ's decision that claimant could perform past relevant work, in part, because ALJ failed to explain why he did not include any mental limitations in the RFC despite assessment of mild limitations at step 2).

On remand then, the ALJ must explain why she chose not to include any mental limitations in Plaintiff's RFC despite her previous finding of mild

7

limitations.

## B. The ALJ's Analysis of Plaintiff's Allegations of Disabling Pain

Plaintiff argues that the ALJ's rejection of Plaintiff's allegations of disabling pain is not supported by substantial evidence in the record. I disagree.

The ALJ discussed Plaintiff's testimony regarding her symptoms of pain but found that they were not entirely consistent with the medical evidence. AR 300. To support this conclusion, the ALJ gave a detailed discussion of Plaintiff's medical records including examination results and Plaintiff's self-reports regarding pain, the effects of her medication, physical activity including exercise, and employment activity. AR 300-2.

Additionally, in her analysis of Plaintiff's physical limitations, the ALJ considered the opinions of Sally Thomas, a registered occupational therapist, and Ms. Paur. In attaching little to no weight to Ms. Paur's opinion that Plaintiff was unlikely to return to full-time work due, in part, to pain, the ALJ found that the record failed to substantiate this opinion because it showed that Plaintiff's pain was well managed with medication and typically treated with light exercise and medication. AR 304-5. In attaching little weight to Ms. Thomas's opinions regarding significant physical limitations, the ALJ again noted that Plaintiff's pain was controlled with medication and also cited Plaintiff's essentially normal examinations, significant level of exercise, and employment as a letter carrier. AR 304. These conclusions are further supported by the detailed discussion in the ALJ's decision referenced above. *See also* AR 300-2.

The ALJ also made some accommodations to Plaintiff's complaints of pain by limiting her lifting and carrying restrictions beyond those found by the consultative examiner and finding that she needed to stand for 2-5 minutes at her workspace after sitting for 20 minutes. As set forth above, there is substantial evidence in the record to support to the ALJ's conclusion that Plaintiff's pain did not preclude Plaintiff from performing sedentary work with some limitations.

## V. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that the Commissioner's decision is REVERSED, and the case is REMANDED for further proceedings consistent with this Order.

Dated: November __2__, 2018 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE